UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KOBE BATTLE,

                      Plaintiff,

-against-

NYC DEPARTMENT OF CORRECTIONS;
COMMISSIONER DANIEL F. MARTUSCELLO
III; THE STATE OF NEW YORK;
COMMISSIONER LYNELLE MAGINLEY-
LIDDLE,

                      Defendants.

25-CV-4169 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

      Plaintiff, who is incarcerated at the North Infirmary Command on Rikers Island, brings this action *pro se*. Plaintiff brings claims, under 42 U.S.C. § 1983, challenging an alleged policy on the part of the New York State Department of Corrections and Community Supervision (DOCCS) of suspending or delaying acceptance of "state-ready" prisoners who have been convicted and sentenced. Plaintiff can also be understood as asserting claims about the conditions of his confinement at Rikers Island. By order dated May 22, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint brought IFP, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A. Claims against the State of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

### B. Claims against the New York City Department of Correction

In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). Under New York law, agencies of the City of New York cannot be sued in the name of the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see also Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal

2

agency that does not have the capacity to be sued under its municipal charter." (emphasis in original)).

The New York City Charter does not give the New York City Department of Correction (DOC) the capacity to sue and be sued. N.Y. City Charter ch. 25, §§ 621-627; *see also Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity."); *Adams v. City of New York*, 837 F. Supp. 2d 108, 115 (E.D.N.Y. 2011) ("Because DOC is a non-suable agency of the City, it must be dismissed as a defendant."). Plaintiff's claims against the DOC are therefore dismissed because it lacks the capacity to be sued.

**C.     Service on DOC Commissioner**

The Clerk of Court is directed to electronically notify the DOC and the New York City Law Department of this order. The Court requests that Defendant DOC Commissioner Lynelle Maginley-Liddle waive service of summons.

**D.     Service on DOCCS Commissioner**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendant DOCCS Commissioner Daniel F. Martuscello, III, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the State of New York based on Eleventh Amendment immunity and dismisses Plaintiff's claims against the New York City DOC because it lacks the capacity to be sued.

The Clerk of Court is directed to electronically notify the DOC and the New York City Law Department of this order. The Court requests that Defendant DOC Commissioner Lynelle Maginley-Liddle waive service of summons. The Clerk of Court is further directed: (1) to issue a summons for Defendant Commissioner Daniel F. Martuscello, III, complete the USM-285 form with the address for this Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service; and (2) to mail an information package to Plaintiff.

SO ORDERED.

Dated: May 22, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Commissioner Daniel F. Martuscello, III
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue #9
   Albany, New York 12226