UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOBE BATTLE,<br><br>                              Plaintiff,<br><br>              -v-<br><br>THE NYC DEPARTMENT OF<br>CORRECTIONS, *et al*.,<br>                              Defendants. | |

25-CV-4169 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Kobe C. Battle brings this action *pro se* challenging his delayed acceptance into state custody as a "state-ready" prisoner who had been convicted and sentenced.  Battle can also be understood as asserting claims about the conditions of his confinement at Rikers Island.  Battle names as individual defendants Department of Corrections and Community Supervision ("DOCCS") Commissioner Daniel F. Martuscello, III, and New York City Department of Correction ("DOC") Commissioner Lynelle Maginley-Liddle.

Before the Court are two motions to dismiss.  Defendant Martuscello moves to dismiss the complaint pursuant to Rules 12(b)(6) and 12(b)(1)[1] of the Federal Rules of Civil Procedure.  Defendant Maginley-Liddle moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons that follow, Defendants' motions are granted.

I.      **Background**

    A.      **Factual Background**

The following facts, taken from Battle's Complaint, are presumed true for the purposes of this opinion.  *See Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).

---

[1] Martuscello's motion under Federal Rule of Civil Procedure 12(b)(1) is undeveloped.  In any event, because the Court grants his motion under Federal Rule of Civil Procedure 12(b)(6), it need not address whether dismissal is warranted for lack of subject-matter jurisdiction.

1

On or about March 28, 2025, Battle became "state ready," at which time the DOC was supposed to move him from Rikers Island to another facility. (ECF No. 1 ("Compl.") at 4.) From March 28, 2025 until May 5, 2025, Battle continued to be housed at Rikers Island while he awaited acceptance into state custody. (*Id.*) According to Battle, his acceptance into state custody should have occurred within two weeks of being sentenced. (*Id.*) During his post-sentencing incarceration at Rikers Island, Battle was housed alongside pre-trial detainees and was not provided access to early release programs or jobs. (*Id.* at 4-5.) Moreover, at that time, Battle sprained his ankle and tore his anterior cruciate ligament ("ACL") due to "cracks and broken concrete" on the Rikers Island West Facility basketball court. (*Id.* at 5.)

### B.    Procedural Background

Battle initiated this action on May 15, 2025. (*See generally* Compl.) On May 22, 2025, this Court dismissed Battle's claims against the State of New York based on Eleventh Amendment immunity and the claims against DOC because it lacks the capacity to be sued under the New York City Charter. (ECF No. 6.) On September 15, 2025, Martuscello filed the instant motion along with an accompanying memorandum of law. (ECF No. 21; ECF No. 22 ("Martuscello Mem.").) Maginley-Liddle filed her motion to dismiss on September 29, 2025, along with an accompanying memorandum of law. (ECF No. 23; ECF No. 24 ("Maginley-Liddle Mem.").) On November 7, 2025, Battle's opposition was filed on the docket (ECF No. 27 ("Opp.")), to which both Martuscello and Maginley-Liddle replied (ECF No. 28 ("Martuscello Repl."); ECF No. 32 ("Maginley-Liddle Repl.")).

## II.    Legal Standard

Battle is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quotation marks

2

omitted).  "Nonetheless, a *pro se* complaint must state a plausible claim for relief."  *Id.*

(quotation marks omitted).  "In pro se cases, a court may consider new allegations raised by the

plaintiff in opposition to a motion to dismiss."  *Rodriguez v. Rodriguez*, No. 10-CV-891, 2013

WL 4779639, at *1 (S.D.N.Y. July 8, 2013) (collecting cases).

Rule 12(b)(6) authorizes a district court to dismiss a complaint for "failure to state a

claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to

dismiss for failure to state a claim, a complainant must state "enough facts to state a claim to

relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

claim is plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  This means that a complaint is properly dismissed where "the

allegations in a complaint, however true, could not raise a claim of entitlement to relief."

*Twombly*, 550 U.S. at 558.  A complaint is also properly dismissed "where the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at

679.

## III.    Discussion

### A.    Dismissal of the Action

"[I]n order to establish a defendant's individual liability in a suit brought under [42

U.S.C.] § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the

alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir.

2013) (italics omitted).  To establish such personal involvement, a plaintiff must show that:

> (1) the defendant participated directly in the alleged constitutional violation, (2)
> the defendant, after being informed of the violation through a report or appeal,
> failed to remedy the wrong, (3) the defendant created a policy or custom under
> which unconstitutional practices occurred, or allowed the continuance of such a

3

policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Id.* at 139 (quotation marks and italics omitted).

Thus, a § 1983 claim "requires a showing of more than the linkage in the prison chain of command; the doctrine of respondeat superior does not apply." *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam); *see also Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) ("An individual cannot be held liable for damages under § 1983 merely because he held a high position of authority, but can be held liable if he was personally involved in the alleged deprivation." (quotation marks omitted)).  However, "a supervisor may be held liable if he or she was personally a direct participant in the constitutional violation." *Terebesi v. Torreso*, 764 F.3d 217, 234 (2d Cir. 2014) (quotation marks omitted). Direct participants include a person "who authorizes, orders, or helps others to do the unlawful acts, even if he or she does not commit the acts personally." *Id*.

Here, Battle's Complaint alleges no facts plausibly suggesting that the individual defendants, Martuscello and Maginley-Liddle, were personally involved in the alleged deprivation of his constitutional rights, including his Eighth Amendment and procedural due process claims.  In fact, Martuscello and Maginley-Liddle are referred to only once in Battle's Complaint—in the "Defendant Information" section.  (Compl. at 3.)  "It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Magnotta v. Putnam Cnty. Sheriff*, No. 13-CV-2752, 2014 WL 705281, at *8 (S.D.N.Y. Feb. 24, 2014) (quotation marks omitted).  In the

4

absence of any facts suggesting that Martuscello or Marginley-Liddle engaged in the alleged constitutional violations, they cannot be held individually liable.

Battle expounds on his allegations against Martuscello for the first time in his opposition to Martuscello's motion to dismiss.  (*See generally* Opp.)  *See Rogers v. Fashion Inst. of Tech.*, No. 14-CV-6420, 2016 WL 889590, at *1 n.1 (S.D.N.Y. Feb. 26, 2016) (collecting cases concluding that courts are permitted to consider allegations presented by *pro se* litigants for the first time in their opposition papers, so long as such allegations are consistent with the complaint).  In his opposition, Battle argues that a DOCCS strike, which allegedly could have been resolved by Martuscello, was the reason for the delay in Battle's transfer to state custody. (Opp. at 4-5.)

Even assuming, arguendo, that Battle had a constitutional right to be transferred into state custody without delay, Battle does not plausibly allege that Martuscello "caused the deprivation of his . . . rights." *Taylor v. Brentwood Union Free Sch. Dist.*, 143 F.3d 679, 686 (2d Cir. 1998) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)).  There is no "§ 1983 liability upon defendants where the causal connection between their conduct and the constitutional injury is remote rather than direct." *Id.*  In applying this principle, the Second Circuit has relied on "elementary principles of causation" to determine whether a sufficient causal link exists between the alleged conduct and the injury. *Jeffries v. Harleston*, 52 F.3d 9, 14 (2d Cir. 1995).  Thus, no liability under § 1983 will attach when a "superseding cause [breaks] the causal chain between" a defendant's alleged conduct and a plaintiff's asserted constitutional injury. *Id.*; *see also Taylor*, 143 F.3d at 687 (finding no § 1983 liability where the actions of non-defendants "constitute a superseding cause of [the plaintiff's] injury, breaking the causal

link between" the defendant's action and the plaintiff's deprivation); *Sherman v. County of Suffolk*, 71 F. Supp. 3d 332, 357 (E.D.N.Y. 2014).

By contrast, "a defendant may be held liable for 'those consequences attributable to reasonably foreseeable intervening forces, including the acts of third parties.'" *Taylor*, 143 F.3d at 688 (quoting *Warner v. Orange Cnty. Dep't of Prob.*, 115 F.3d 1068, 1071 (2d Cir. 1996)); *Higazy v. Templeton*, 505 F.3d 161, 175-77 (2d Cir. 2007) (analogizing a *Bivens* action to § 1983 actions and holding that a defendant "may be liable for consequences caused by reasonably foreseeable intervening forces").

Under this framework, Martuscello's alleged failure to resolve the causes of the DOCCS strike is too attenuated from the alleged harm—Battle's delayed transfer to a state facility—to establish the requisite causal connection. Battle's theory of causation depends on a series of contingencies involving the actions of multiple actors who are not alleged to be under Martuscello's control. In order to connect Martuscello's alleged inaction to the transfer delay, one would have to assume that resolving the strike was within his authority, that his intervention would have successfully ended or mitigated the strike, and that doing so would have restored transfer operations in time to prevent Battle's delayed movement. Such a chain of assumptions renders the causal connection too speculative for the Court to conclude that Battle has stated a claim.

### B.    Leave to Amend

While leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Although courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal

6

reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (quotation marks omitted), the Court declines to grant such leave here *sua sponte*.  A district court may deny leave to amend when, as here, amendment would be futile because the problem with the claim "is substantive [and] better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV.    Conclusion

For the foregoing reasons, Defendants' motions to dismiss are GRANTED, and Battle's claims are dismissed for failure to state a claim upon which relief can be granted.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Because the only remaining defendants on the docket—the State of New York and the New York City DOC—were dismissed pursuant to Eleventh Amendment immunity and the New York City Charter, *Adams v. City of New York*, 837 F. Supp. 2d 108, 115 n.1 (E.D.N.Y. 2011) ("Because DOC is a non-suable agency of the City, it must be dismissed as a defendant.") (ECF No. 6), Battle has no remaining claims.

Accordingly, the Clerk of Court is directed to close the motions at Docket Numbers 21, 23, and 27, to enter judgment of dismissal, and to terminate this case.

SO ORDERED.

Dated:  April 27, 2026
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

7